*Maxwell*, 280 Ga. 304 (627 SE2d 16) (2006) (six-month suspension for recording an interview with adverse parties and delivering an edited transcript to adverse counsel). Instead, we agree with the State Bar that an 18-month suspension is appropriate, recognizing as mitigating factors that Adams has acknowledged his wrongdoing, expressed remorse for his actions, and attempted to make amends by representing indigent defense clients without pay. See *Lemmons*, 271 Ga. at 583-584 (imposing two-year suspension for misrepresenting professional status on several occasions when attorney had one prior disciplinary action and refused to acknowledge his wrongdoing).

Accordingly, the Court accepts the petition for voluntary discipline and directs that Christopher Todd Adams be suspended from the practice of law for 18 months. We further direct that Adams' reinstatement is conditioned on his agreeing to a lifetime ban on the representation of any indigent defendant that is paid for with public funds, whether local, state, or federal funds. Adams is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. Eighteen-month suspension. All the Justices concur.*

DECIDED OCTOBER 15, 2012.

*Chandler, Britt, Jay, Beck & Zwald, Walter M. Britt*, for Adams. *Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia. *David S. Lipscomb*, amicus curiae.

S12Y1691, S12Y1693, S12Y1694. IN THE MATTER OF DANA POSEY GENTRY (three cases).
(733 SE2d 330)

PER CURIAM.

These three matters are before the Court on three notices of discipline seeking the disbarment of Respondent Dana Posey Gentry (State Bar No. 289810). The State Bar served Gentry personally, but he failed to file any Notices of Rejection. Therefore, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted, show that Gentry represented clients in three divorce cases and, with respect to some or all of them, did not file appropriate documents, did not respond to his clients'

attempts to contact him, failed to communicate with his clients, failed to appear in court, and withdrew from a case without notifying his client. In one case, a client hired Gentry to take action against his ex-wife for violating the parenting-plan contained in the parties' final divorce decree. The client paid Gentry $2,150. Gentry filed a petition without first giving his client the opportunity to review it, and the petition contained numerous false statements. Gentry obtained an ex parte order pursuant to which the clients' children were returned to the client in Georgia from Louisiana. The court then set a further hearing on the matter. The client was unable to reach Gentry, but the client's sister located him, and Gentry promised to appear with the client for the court-ordered hearing. Shortly thereafter, Gentry was suspended from practice in Alabama and told the sister he would not appear at the hearing the next day (which was in Georgia, where Gentry was still licensed to practice). Gentry did not appear and, as a result of the hearing, the client's children were returned to their mother in Louisiana. Gentry's actions caused the children's lives to be severely disrupted.

In another case, a client hired Gentry to represent him in a divorce case and paid Gentry $2,207.50. Gentry filed a complaint on behalf of the client, but thereafter failed to return any of his client's numerous phone calls pursuant to which the client left messages requesting information about the status of his case. Gentry later filed a notice of withdrawal from the case but did not send a copy to the client. Gentry did not respond to his client's written request for a refund, and when the client went to Gentry's office, he found it closed. The client then called the clerk of court and was informed that Gentry had withdrawn from his case.

By his conduct in these cases Gentry violated Rules 1.2, 1.3, 1.4, 1.16 (d), 3.2 and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), some of which may be punished by disbarment. The State Bar recommends that Gentry be disbarred.

We have reviewed the records in these cases and agree that disbarment is the appropriate punishment. In aggravation of discipline, we note Gentry's multiple disciplinary matters. Accordingly, we hereby order that the name of Dana Posey Gentry be removed from the rolls of attorneys authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 15, 2012.

*Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar*, for State Bar of Georgia.

S12Y1779. IN THE MATTER OF KATHRYN J. JACONETTI.
(732 SE2d 447)

PER CURIAM.

This matter is before the Court on the report and recommendation of the special master, Walter P. Rowe, recommending that the Court accept a petition for voluntary discipline filed by Kathryn J. Jaconetti (State Bar No. 388491). The report addresses eight formal complaints arising out of Jaconetti's neglect or abandonment of eight clients and recommends that the Court impose a three-year suspension, with conditions, including restitution to her clients and proof that she is mentally competent and not impaired.

In 2009 and 2010 the State Bar filed four formal complaints against Jaconetti. She submitted a petition for voluntary discipline, but the special master rejected it. Subsequently, the State Bar filed three additional formal complaints and entered into a consent agreement with Jaconetti for her to undergo a psychiatric evaluation. After the psychiatrist's report was issued, the State Bar filed its eighth formal complaint. Jaconetti then submitted an amended petition for voluntary discipline and, after further negotiations with the Bar, filed her second amended petition.

Jaconetti, who has been a member of the State Bar since 2000, now maintains her residence in Florida, but formerly operated her law practice in Fulton County. Based on the admissions in her petition, the special master found that Jaconetti over a period of several years neglected civil and criminal matters involving eight clients, often with harm to the client; failed to communicate in a timely and effective way with her clients; and failed to account for fees received or to refund unearned fees.

The special master concluded that, based on Jaconetti's conduct in these eight matters, she violated Rules 1.2, 1.3, 1.4, 1.7, 1.16 (d), and 8.4 (a) (4) of State Bar Rule 4-102 (d). A violation of Rules 1.2, 1.3, 1.7, and 8.4 (a) (4) is punishable by disbarment, and a violation of Rules 1.4 and 1.16 (d) is punishable by a public reprimand.

The special master noted that Jaconetti admitted that she was not currently mentally competent to practice law. His report discussed in detail the mitigating circumstances he found related to a series of personal and physical problems Jaconetti faced beginning in 2005, including the fact that she worked for several years with